UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

 

|  |  |  |
|---|---|---|
| VICTOR L. SPEICHER, | : | CASE NO. 3:21-cv-01341 |
| | : | |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Docs. 1, 9, 11] |
| v. | : | |
| | : | |
| WARDEN LEON HILL, | : | |
| | : | |
| Respondent. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Victor Speicher currently serves a life sentence for sexually abusing his minor grandson.  With this petition, Speicher challenges his conviction under 28 U.S.C. § 2254.  In support of his § 2254 petition, Speicher claims (1) ineffective counsel, (2) unfair trial, (3) due process violations, and (4) Confrontation Clause violations.[1]

The Court referred Speicher's petition to Magistrate Judge Armstrong under the Local Rules.  In her report and recommendation (the R&R), Magistrate Judge Armstrong recommended denying Speicher's petition in its entirety because all of Speicher's claims were either procedurally defaulted or substantively deficient.[2]  Petitioner Speicher objected to the R&R.[3]  Respondent did not reply.

When objecting to a magistrate judge's R&R, a party must identify the specific portions that the party objects to.  The Court need only review those objected-to portions.  However, Speicher's objections are muddled and difficult to follow.  Nonetheless, the Court agrees with Magistrate Judge Armstrong that all of Speicher's claims fails.  Therefore, the

---

[1] Doc. 1.
[2] Doc. 9.
[3] Doc. 11.

Case No. 3:21-cv-01341
GWIN, J.

Court **OVERRULES** Speicher's objections, **ADOPTS** the R&R, and **DENIES** Speicher's petition.

## I.   BACKGROUND

### A. Factual Background

As a threshold matter, federal courts presume that state factual findings are correct unless the petitioner rebuts that presumption with clear and convincing evidence.[4]  In his objection to the R&R, Petitioner Speicher attempts to rebut that presumption by arguing that the facts would have come out differently, were his trial counsel effective.[5]

This is not clear and convincing evidence; it is speculation.[6]  Therefore, the Court presumes that the state appellate court's factual summary is correct and draws on that summary for this section.[7]

The victim in this case, R.B., is Petitioner Speicher's grandson.  When R.B. was four years old, R.B. would stay at Speicher's house on Friday nights due to his parents' work schedules.

One day, R.B.'s mother observed him masturbating.  When R.B.'s mother asked him what he was doing, R.B. told her that it was a game he played with his "papaw"—R.B.'s grandfather, Speicher—before bedtime.

R.B.'s parents then brought him to the family doctor, who referred R.B. to specialists at another hospital.  At the hospital, R.B. was interviewed by a licensed social worker.  That interview was videotaped.  R.B. told the social worker that at night Speicher sucked on R.B.'s

---

[4] 28 U.S.C § 2254(e)(1).
[5] Doc. 7 at 17–18; Doc. 11 at 2.
[6] Cf. *Armstrong v. Morgan*, 372 F.3d 778, 783 (6th Cir. 2004) (petitioner's evidence "merely reflects [his] own assessment of the relevant weight of the evidence," not whether it was clear and convincing).
[7] See *State v. Speicher*, No. 14-13-17, 2020-Ohio-3845, 2020 WL 4281000, at *1–4 (Ohio Ct. App. July 27, 2020).

Case No. 3:21-cv-01341
GWIN, J.

penis, and that Speicher also made R.B. play with Speicher's penis.  R.B. gave a consistent story in later counseling sessions.

Law enforcement officers interviewed Speicher, who denied doing anything improper.  Speicher claimed that he had only taught R.B. how to keep himself clean and that he was never around R.B. by himself.

### B. Procedural History

On February 22, 2012, the State charged Speicher with one count of rape and one count of gross sexual imposition.[8]

In pretrial proceedings, Speicher moved to suppress R.B.'s videotaped interview with the licensed social worker.  In support of his motion to suppress, Speicher argued that the social worker interview violated the Confrontation Clause.[9]  After a hearing, the trial court denied that motion, reasoning that the interview was performed for medical, rather than investigative, purposes.[10]

Later, the State filed a motion asking to present R.B.'s testimony at trial through video-taped deposition testimony under R.C. 2945.481.[11]  The trial court granted that motion.  The parties then took R.B.'s deposition in the trial court's presence, with both prosecutors and defense counsel present to question R.B.[12]

In June 2013, Speicher stood trial.  The State presented R.B.'s recorded testimony and a transcript, as well as testimony from R.B.'s parents, the social worker who interviewed R.B., a doctor who examined R.B., R.B.'s counselor, and the detective investigating R.B.'s case.

---

[8] Doc. 6-1 at 94–95.  For convenience and consistency, all record citations are to the ECF-generated PageID number unless otherwise indicated.

[9] *Id.* at 98–99.

[10] *Id.* at 117–18.

[11] *See* R.C. 2954.481.

[12] Doc. 6-2 at 440–73; *Speicher*, 2020 WL 4281000, at *3–4.

Case No. 3:21-cv-01341
GWIN, J.

Speicher presented testimony from R.B.'s aunt and Speicher's wife.[13]

The jury convicted Speicher on both sexual offenses.[14]  The trial court then imposed a life sentence for the rape count consecutive to a 54-month sentence for the gross sexual imposition count.[15]

Speicher filed a timely notice of appeal.[16]  But the Ohio Court of Appeals dismissed that appeal for want of prosecution when Speicher's counsel never filed an opening brief.[17]

Eventually, the Ohio Court of Appeals reopened Speicher's appeal under Ohio Rule of Appellate Procedure 26(B) because Speicher's appellate counsel had failed to file an appellate brief in Speicher's direct appeal without telling Speicher.[18]  Evidence showed that the reason for this failure was because Speicher's appellate counsel had moved to Arizona and had taken a new job.[19]  The Ohio Court of Appeals held that Speicher's appellate counsel was *per se* ineffective for failing to timely file Speicher's direct appeal brief.[20]

On his reopened appeal before the Ohio Court of Appeals, Speicher raised four issues: (1) the trial court improperly denied Speicher's motion to suppress; (2) the trial court improperly found that R.B. was competent to testify via video deposition; (3) it was prejudicial to allow the jury to hear R.B.'s interview with the social worker; and (4) Speicher's trial counsel was ineffective.[21]

The Ohio Court of Appeals rejected each argument and affirmed Speicher's

---

[13] *Speicher*, 2020 WL 4281000, at *4.
[14] Doc. 6-1 at 119–22.
[15] *Id.* at 125.
[16] *Id.* at 131.
[17] *Id.* at 147–48.
[18] Doc. 6-1 at 174–75.
[19] *Id.* at 163–68.
[20] *Id.* at 174.
[21] *Id.* at 180.

Case No. 3:21-cv-01341
GWIN, J.

conviction.[22]  After the Court of Appeals' decision, Speicher sought reconsideration.[23]  The Court of Appeals denied reconsideration.[24]

Speicher then appealed to the Ohio Supreme Court.[25]  In his memorandum in support of jurisdiction, Speicher raised two issues: (1) trial counsel was ineffective for failing to object to admission of R.B.'s video deposition at trial, and (2) because Speicher's original appellate counsel also represented Speicher at trial, that counsel's *per se* ineffectiveness in failing to timely file Speicher's appeal brief rendered that counsel's trial conduct ineffective as well.[26]

The Ohio Supreme Court declined jurisdiction.[27]

Petitioner Speicher did not pursue any further state remedies.

On July 13, 2021, Speicher filed this § 2254 petition, raising the following grounds for relief:

1. Petitioner was denied his Sixth Amendment right to counsel in violation of law based on upon his counsel's ineffectiveness, such that he was wrongfully convicted on both counts, based on:

   a. Counsel's failure to object to R.B.'s competency to testify or the introduction of R.B.'s recorded testimony at trial;

   b. Counsel's failure to adequately cross-examine witnesses;

   c. Counsel's eliciting testimony that was affirmatively damaging to Speicher's case;

   d. Counsel's failure to call an expert witness to rebut the State's experts;

   e. Counsel's failure to meet with Speicher to prepare the case or prepare for trial; and

---

[22] *Id.* at 299–324.
[23] *Id.* at 325–31.
[24] *Id.* at 342–43.
[25] *Id.* at 344–45.
[26] *Id.* at 346–61.
[27] *Id.* at 400.

Case No. 3:21-cv-01341
GWIN, J.

      f.   Counsel's failure to file an appellate brief and abandoning Speicher on appeal.

2.   Petitioner was denied his right to a fair trial and was wrongfully convicted based upon the testimony of a 5 year old child whose competence was never established.

3.   Petitioner was denied due process of law.

4.   Petitioner was denied his right to confront witnesses and the State Courts' application of law laws unreasonable based upon clearly established federal law, such to violate his Constitutional rights.[28]

The Warden Respondent filed a return of writ,[29] and Petitioner Speicher filed a traverse.[30] Respondent replied to Speicher's traverse.[31]

On March 25, 2024, Magistrate Judge Armstrong issued an R&R recommending that Speicher's petition be denied and that the Court not grant a certificate of appealability.[32] The R&R found that sub-claims five and six of Ground One were procedurally defaulted, and that all sub-claims for Ground one failed on the merits. The R&R also found that Grounds Two, Three, and Four were all procedurally defaulted and all failed on the merits.

Petitioner Speicher objected. The Warden Respondent did not respond.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2554, Petitioner Speicher may attack the validity of his state convictions in federal court. However, relief under § 2254 is highly limited.

And, usually before a federal court can consider a habeas claim's merits, it must first address the threshold question of procedural default.[33] There are two types of procedural default:

---

[28] Doc. 1 at 5, 7, 8, 10.
[29] Doc. 6.
[30] Doc. 7.
[31] Doc. 8.
[32] Doc. 9 at 750.
[33] *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013).

Case No. 3:21-cv-01341
GWIN, J.

First, a petitioner procedurally defaults a claim when the petitioner has exhausted his state-court remedies, but the state courts declined to reach the merits of the petitioner's claim because the petitioner failed to comply with an independent state procedural rule.[34]

Second, a claim is procedurally defaulted when a petitioner has failed to exhaust his state-court remedies, and those remedies are no longer available under state procedural rules.[35]

Federal courts generally may not consider the merits of procedurally defaulted claims. The only exception to this rule is if the petitioner can demonstrate "cause for the [procedural] default and actual prejudice as a result of the [claimed] violation of federal law," or if the petitioner can demonstrate that enforcing the default would "result in a fundamental miscarriage of justice."[36]

Once a federal court moves past the threshold procedural default question and reaches the merits of a habeas claim, the federal court reviews habeas claims under the Antiterrorism and Effective Death Penalty Act (AEDPA).[37] AEDPA requires federal courts to show deference to states courts' decisions. A federal court may grant habeas relief only when the state court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[38]

---

[34] *Id.* at 295 (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006)).
[35] *Id.* (citing *Williams,* 460 F.3d at 806).
[36] *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).
[37] *Carter v. Bogan,* 900 F.3d 754, 767 (6th Cir. 2018).
[38] 28 U.S.C. § 2254(d).

Case No. 3:21-cv-01341
GWIN, J.

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."[39]

A state court's decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[40]

For a decision to be "unreasonable," it must be more than merely incorrect.[41]  Rather, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[42]

## III.    DISCUSSION

Petitioner Speicher begins his objections to the R&R by incorporating his arguments presented in his response to the Warden's return of writ.[43]  However, "[a] general objection—'[a]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before'—is not considered a proper objection for the district court's *de novo* review."[44]  A general objection to an R&R has the same effect as a failure to object: it waives *de novo* review by the district court and any later appellate review of the district court's decision.[45]

---

[39] *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

[40] *Id.*

[41] *Carter*, 900 F.3d at 767–68 (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).

[42] *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[43] Doc. 11 at 799.

[44] *Knoefel v. Phillips*, Case No. 1:20-cv-1529, 2022 WL 2193442, at *1 (N.D. Ohio June 17, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Local Rule 72.3(b) (stating that any objecting party shall file 'written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

[45] *Knoefel*, 2022 WL 2193442, at *1 (citing *Aldrich*, 327 F. Supp. 2d at 747–48).

Case No. 3:21-cv-01341
GWIN, J.

Accordingly, the Court reviews *de novo* only those portions of the R&R that Speicher objects to in a specific and non-summary manner.

### A. "Look-Through" Presumption

Petitioner Speicher says that the R&R incorrectly held that the Ohio Supreme Court adjudicated his claims on the merits when it declined to accept jurisdiction of his appeal.[46] Speicher says that the Court should not interpret the Ohio Supreme Court's determination as an adjudication on the merits.[47]

Speicher's objection misconstrues widely recognized federal habeas law.

The United States Supreme Court has adopted a "look-through" presumption for § 2254 petitions. "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."[48] So, in deciding whether federal habeas relief is warranted, district courts must look to the "last explained state-court judgment" on the petitioner's federal claim.[49]

When the Ohio Supreme Court declined to accept jurisdiction of Speicher's appeal without further comment, it left the Ohio Court of Appeals' opinion as the last reasoned decision on Speicher's claims.[50] The Ohio Supreme Court's decline of jurisdiction therefore "rest[ed] upon the same ground" as the Court of Appeals' opinion.[51] The R&R appropriately based its analysis of Speicher's claims on the Ohio Court of Appeals' opinion.

The Court overrules this objection.

---

[46] Doc. 11 at 800–801.
[47] *Id.*
[48] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).
[49] *Id.* at 804.
[50] *See Dennis v. Mitchell*, 68 F. Supp. 2d 863, 822, n.23 (N.D. Ohio 1999).
[51] *Ylst*, 501 U.S. at 804.

Case No. 3:21-cv-01341
GWIN, J.

## B. Ground One: Ineffective Assistance Claim

### 1. Procedural Default

#### a. In General

Petitioner Speicher objects to the R&R's finding "that all prongs of his ineffective assistance [claim] were [procedurally] defaulted."[52]

This objection appears to come from a misread of the R&R.

Recall that under Speicher's first ground for relief—ineffective assistance of counsel—he brings six separate sub-claims regarding his counsel's ineffectiveness.

The R&R concluded that Speicher procedurally defaulted only the fifth and sixth ineffective assistance subclaims.[53] These sub-claims argued that his trial counsel was ineffective in failing to meet with him or prepare for trial, and that his counsel was ineffective in failing to prepare an appellate brief. The R&R further found that Speicher did not show cause to excuse the procedural default of either sub-claim.[54]

The R&R proceeded to analyze all six of Speicher's ineffective assistance sub-claims on the merits.[55] The R&R recommended the Court deny all of Speicher's ineffective assistance sub-claims on the merits, not only because of procedural default.[56]

The Court overrules this objection.

#### b. Accumulation Sub-Claim

Petitioner Speicher argues that when his trial and first appellate counsel's errors are considered as a whole, they rise to the level of ineffective assistance of counsel.[57]

---

[52] Doc. 11 at 801.
[53] Doc. 9 at 767–68.
[54] *Id.* at 766–67.
[55] *Id.* at 768 ("In an abundance of caution, however, I will consider the merits of subclaims five and six along with the merits of Mr. Speicher's other subclaims.").
[56] *Id.* at 770, 772, 774, 776, 777, 778.
[57] Doc. 9 at 802.

Case No. 3:21-cv-01341
GWIN, J.

Speicher has procedurally defaulted any ineffective assistance of counsel claim based on an accumulation theory.

Before this Court may consider Speicher's accumulation theory, Speicher must show that he has already exhausted his Ohio remedies by "fairly present[ing] his claim in each appropriate state court," including a state supreme court of discretionary review.[58]

On direct appeal to the Ohio Court of Appeals, Speicher did present the accumulation theory.[59]  However, he then did not argue the accumulation theory in his memorandum in support of jurisdiction to the Ohio Supreme Court,[60] in his original habeas petition,[61] or in his reply to the Warden's traverse.[62]

The R&R did not err by not considering Speicher's accumulation theory of ineffective assistance, because it was not properly raised.[63]  Because Speicher now raises it only in his objection to the R&R, it is procedurally defaulted.

Speicher does not make any argument to show cause and prejudice, besides asserting that "failure to consider his claims would result in manifest injustice."[64]  Without more, the Court finds that Speicher has not shown cause or prejudice to excuse the procedural default of his accumulation theory of ineffective assistance of counsel.

Because Speicher has procedurally defaulted any accumulation theory ineffective assistance claim, and because he has not shown cause to excuse the procedural default, the Court overrules this objection.

---

[58] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).
[59] Doc. 6-1 at 180.
[60] *Id.* at 357–59.
[61] *See* Doc. 1.
[62] *See* Doc. 7.
[63] *Rice v. Warden, Warren Corr. Inst.*, 786 F. App'x 32, 38 (6th Cir. 2019) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) ("Because . . . the argument was first presented in [petitioner's] traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it.")).
[64] Doc. 11 at 804.

Case No. 3:21-cv-01341
GWIN, J.

### c.  Fundamental Miscarriage of Justice

Petitioner Speicher argues that he has shown a fundamental miscarriage of justice to excuse the procedural default of his ineffective assistance of counsel claim.[65]

A petitioner may satisfy the fundamental miscarriage of justice exception to procedural default by submitting evidence that a constitutional violation has resulted in the conviction of someone who is actually innocent.[66]  A petitioner relying on actual innocence to overcome a procedural default faces a substantial burden, as "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."[67]

Speicher says that the interests of justice demand that R.B.'s testimony at trial be taken as evidence of his actual innocence.[68]  However, Speicher must "support his allegations of constitutional error with *new reliable evidence* . . . that was not presented at trial."[69]  Speicher does not point to any new evidence that demonstrates his factual innocence.  R.B.'s testimony was presented at trial, so this evidence is not new, and cannot prove Speicher's innocence.  Nor does he provide authority to support his argument that the "interests of justice" require the Court to overlook the new evidence requirement.[70]

The Court overrules this objection.

---

[65] Doc. 11 at 802.
[66] *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).
[67] *House v. Bell*, 547 U.S. 518, 536–37 (2006).
[68] Doc. 11 at 802.
[69] *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added).
[70] Speicher also says that R.B.'s evidence should be considered "new," considering his trial counsel's ineffectiveness.  Doc. 11 at 804.  He does not provide authority to support this reasoning, and so the Court does not consider it.

- 12 -

Case No. 3:21-cv-01341
GWIN, J.

### 2.  Merits

To qualify for habeas relief based on ineffective assistance of counsel, a petitioner must clear several hurdles.

First, the petitioner must show that counsel erred so seriously that counsel failed to function "as the 'counsel' guaranteed . . . by the Sixth Amendment."[71]

Second, the petitioner must show prejudice.[72]  "Prejudice requires demonstrating 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[73]

This standard applies to both claims of ineffective assistance of trial and appellate counsel.[74]

This already deferential *Strickland* standard is even more difficult to meet when combined with the highly deferential AEDPA standard.[75]  Under that doubly deferential standard, the question is "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[76]

### a.  *Per se* Ineffectiveness

The Ohio Court of Appeals found that Petitioner Speicher's appellate counsel was "per se ineffective" when counsel failed to timely file Speicher's appeal brief.[77] Subsequently, the R&R found that this *per se* ineffectiveness was cured when the Ohio Court of Appeals allowed Speicher to reopen his appeal.[78]

---

[71] *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).
[72] *Strickland*, 466 U.S. at 687–88.
[73] *Harrington v. Richter*, 562 U.S. 86, 778 (2011) (quoting *Strickland*, 466 U.S. at 694).
[74] *Jackson v. Bradshaw*, 681 F.3d 753, 774 (6th Cir. 2012) (citation omitted).
[75] *Harrington v. Richter*, 562 U.S. 86, 105 (2011).
[76] *Id.*
[77] *Id.* at 800, 803.
[78] Doc. 9 at 777.

Case No. 3:21-cv-01341
GWIN, J.

Now, Speicher argues that instead, the R&R should have imputed his counsel's *per se* ineffectiveness at the appeals stage, to this counsel's trial performance.  Speicher maintains that "prejudice by trial counsel's failures must be presumed" throughout his case.[79]

Speicher does not provide authority for the proposition that because counsel was deficient in one area, a court may assume he was deficient in all others.  Speicher states that this conclusion is "reasonable," but it strikes the Court as a *post-hoc* fallacy.[80]  Speicher's counsel's failure to prosecute the appeal does not rebut "the strong presumption that counsel's conduct [otherwise] falls within the wide range of reasonable professional assistance" at other points in his case.[81]

And Speicher does not try to show *Strickland* prejudice due to his counsel's failure to appeal.  The Ohio Court of Appeals granted Speicher's motion to re-open his appeal and adjudicated his appeal on the merits.[82]  Speicher has not shown that the Ohio Court of Appeals' treatment of his belated appeal was unreasonable, nor does he argue how he has been further prejudiced by the Court of Appeals' remedy.

The Court overrules this objection.

### b.  Failure to Meet

Petitioner Speicher also argues that he has shown prejudice from his counsel's failure to meet with him prior to trial.[83]  Speicher says that to meet *Strickland*'s showing of prejudice, he would essentially have to look into "the minds of the jurors and counsel."[84]

---

[79] Doc. 11 at 803.
[80] *See Abbott v. Fed. Forge,* 912 F.2d 867, 875 (6th Cir. 1990) ("[*P*]*ost hoc, ergo propter hoc* is not a rule of legal causation.").
[81] *Strickland,* 466 U.S. at 669.
[82] *Warman v. Warden, Noble Corr. Inst.,* Case No. 2:18-cv-564, 2019 WL 6974392, at *1 (S.D. Ohio Dec. 20, 2019).
[83] Doc. 11 at 803.
[84] *Id.*

Case No. 3:21-cv-01341
GWIN, J.

Speicher does not object to the R&R's finding that his failure to meet ineffective assistance sub-claim is procedurally defaulted, with no grounds to excuse the procedural default.  On this basis alone, the Court may reject this ground for relief.

Even if Speicher had overcome his procedural default, however, this failure to meet sub-claim would not succeed, because Speicher has not shown prejudice from his counsel's failure to meet with him.

Speicher does not offer any way that his trial outcome would have been different had he met with his counsel.  Speicher was not required to read jurors' minds to demonstrate prejudice, but instead identify how additional in-person communication with counsel would have benefited him by changing his trial's outcome.[85]  He did not do so.

Speicher does not meet AEDPA's doubly deferential standard for ineffective assistance claims based on this ineffective assistance sub-claim.  The Court thus overrules this objection.

### C.  Ground Two: Fair Trial Claim

Next, Petitioner Speicher objects to the R&R's finding that he procedurally defaulted on his fair trial witness competency claim.[86]

The R&R found that Speicher had procedurally defaulted his witness competency fair trial claim.[87]  Speicher says that this disregards his meritorious witness competency ineffective assistance of counsel claim.[88]  However, the R&R examined Speicher's witness

---

[85] *See Dixon v. Warden, S. Ohio Corr. Facility,* 940 F. Supp. 2d 614, 618 (S.D. Ohio 2013) (citing *Morris v. Slappy,* 461 U.S. 1, 14 (1983)) ("The Sixth Amendment does not guarantee a 'meaningful attorney-client relationship.'").

[86] Doc. 11 at 803.  Petitioner Speicher's objection addresses the "finding of procedural default as to competency of the child victim."  *Id.*  Speicher brings three claims related to R.B.'s competency to testify:  an ineffective assistance of counsel claim, a violation of his right to a fair trial, and a violation of his due process rights.  Because the R&R found that the witness competency ineffective assistance claim was not procedurally defaulted, the Court assumes Speicher objects to the claim about R.B.'s competency as it relates to his right to a fair trial and due process rights.

[87] Doc. 9 at 778.

[88] Doc. 11 at 803.  Speicher says that "[t]he Magistrate Judge's finding of procedural default as to competency of the child victim is also misplaced and completely disregards Mr. Speicher's claim of ineffective assistance of counsel."  *Id.*  With this objection, Speicher does not specify whether he means the procedural default of the witness competency fair trial claim,

Case No. 3:21-cv-01341
GWIN, J.

competency ineffective assistance claim, and found that claim to be meritless.[89]  And even though Speicher did not procedurally default his witness competency ineffective assistance claim, "[b]ringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because the two claims are analytically distinct."[90]

Speicher also objects to the R&R's finding that he failed to present his witness competency due process claim at all levels of the state appeal process.  Speicher argues that this finding contradicts another finding in the R&R—namely, that his witness competency claim was presented as a matter of Ohio law before the state courts.[91]

What Speicher identifies as an internal inconsistency of the R&R is rather the R&R's correct conclusion that Speicher procedurally defaulted his witness competency fair trial claim in two separate ways.

First, Speicher failed to fairly present his witness competency fair trial claim to the Ohio Court of Appeals.

Petitioners must fairly present their claims in each appropriate state court for those claims to eventually qualify for federal habeas relief.[92]  "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim."[93]  To determine when claims have been fairly presented, courts ask whether the petitioner

> "(1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege

---

or the witness competency due process claim.  Because the Court's analysis is largely the same for both, it begins with examining the witness competency fair trial procedural default.

[89] Doc. 9 at 769–70.

[90] *Wogenstahl v. Mitchell*, 668 F.3d 307, 343 (6th Cir. 2012) (quoting *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008)).

[91] Doc. 11 at 803.

[92] 28 U.S.C. § 2254(b)(1)(A); *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009).

[93] *Nian v. Warden*, 994 F.3d 746, 751 (6th Cir. 2021) (quoting *Wagner*, 581 F.3d at 414–15).

Case No. 3:21-cv-01341
GWIN, J.

a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law."[94]

It is not enough to present the claim to a state trial court.  Rather, the petitioner must raise the claim in state court and pursue it through the state's appellate review procedures.[95]

In his objection, Speicher claims that he properly presented his witness competency issue to the state appellate courts, because his state appellate briefs cite to both state and federal law.[96]

The Court has reviewed Speicher's brief before the Ohio Court of Appeals and authority cited therein.  Its table of authorities does indeed refer to state and federal law.[97]  However, the brief's witness competency argument references only state law precedent that does not use federal constitutional analysis and does not mention the federal right to a fair trial.[98]

So, Speicher did not fairly present a federal due process competency argument to the Ohio Court of Appeals.

Second, Speicher failed to present his witness competency fair trial claim before the Ohio Supreme Court.[99]  Speicher concedes as much in his objection to the R&R.[100]  He

---

[94] *Id.* (quoting *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017) (internal quotation marks omitted)).

[95] *Id.* at 751–52 (quotation omitted).

[96] Doc. 11 at 803.

[97] Doc. 6-1 at 178–79.

[98] *Id.* at 194–98 (citing to Ohio Evid. R. 601(A); *State v. Maxwell*, 9 N.E.3d 930 (Ohio 2014); *State v. McNeil*, 700 N.E.2d 596 (Ohio 1998); *State v. Schulte*, 641 N.E.2d 719 (Ohio 1994); *State v. Frazier*, 574 N.E.2d 483 (Ohio 1991); *State v. Singleton*, 69 N.E.3d 118 (Ohio Ct. App. 2016); *State v. Payton*, 696 N.E.2d 240 (Ohio Ct. App. 1997); *State v. Beaver*, 2018-Ohio-2438, 2018 WL 3116535 (Ohio Ct. App. June 25, 2018); *State v. Spencer*, 2015-Ohio-52, 2015 WL 134234 (Ohio Ct. App. Jan. 12, 2015).  Speicher's witness competency ineffective assistance claim does cite to federal law.  *See* Doc. 6-1 at 200.  But that is "analytically distinct" from his witness competency fair trial claim.  *Wogenstahl*, 668 F.3d at 343.

[99] *See Baldwin*, 541 U.S. at 29.

[100] Doc. 11 at 803 ("[I]nasmuch as Mr. Speicher undisputedly raised ineffective assistance of counsel in his memorandum in support of jurisdiction to the Ohio Supreme Court, had that Court accepted jurisdiction he would have included the competency issue as part of his ineffective assistance of counsel claim.").

Case No. 3:21-cv-01341
GWIN, J.

attributes this omission to space constraints caused by the Ohio Supreme Court's jurisdiction memoranda page limit.[101]

However, the Ohio Supreme Court's page limit on memoranda in support of jurisdiction is not cause to excuse Speicher's default of this claim.[102]  That page limit "merely limited the manner in which [Speicher] could present his arguments; it did not wholly prevent him from presenting them."[103]  And, Speicher has not shown prejudice to excuse his default, or that manifest injustice will occur if the procedural default is not excused.

Because Speicher procedurally defaulted his witness competency fair trial claim and has not shown reason to excuse the default, the Court overrules this objection.

### D.  Ground Three: Due Process Claim

Petitioner Speicher also objects to the R&R's finding that he procedurally defaulted his due process ground for relief.

Speicher, however, did procedurally default his due process claim, and in many of the same ways as he defaulted his witness competency fair trial claim.

First, Speicher did not present this due process claim in his direct appeal to the Ohio Court of Appeals.[104]  He has not shown cause and prejudice to excuse this procedural default, so his due process claim fails for this reason.

Second, Speicher failed to include his due process claim in his appeal to the Ohio Supreme Court.  True, Speicher did mention "due process" in his memorandum in support

---

[101] *See Rules of Practice, Rule 7.02(B)*, Ohio Supreme Court,
https://www.supremecourt.ohio.gov/docs/LegalResources/Rules/practice/rulesofpractice.pdf (establishing a fifteen-page limit for memoranda in support of jurisdiction).
[102] *Seymour v. Walker*, 224 F.3d 542, 551 (6th Cir. 2000).
[103] *Id.* (quoting *Weeks v. Angelone*, 176 F.3d 249, 271 (4th Cir. 1999); aff'd, 528 U.S. 225 (2000)).
[104] *See* Doc. 6-1 at 176–207.

Case No. 3:21-cv-01341
GWIN, J.

of jurisdiction.[105] Speicher argues that because the R&R acknowledged his memorandum's reference to "due process," he fairly presented this claim.[106]

Speicher's memorandum in support of Ohio Supreme Court jurisdiction does not satisfy his obligation to fairly present his claims in state court. That memorandum spends a paragraph unclearly discussing due process rights, then spends the rest of the brief arguing an ineffective assistance of counsel claim. It is unclear to the Court what any due process claim consists of and how it is related to Speicher's ineffective assistance of counsel claim. Such "[n]aked assertions" and "general allegations of the denial" of broad due process rights are insufficient for fair presentment, as much as Speicher may wish it were otherwise.[107]

Because Speicher procedurally defaulted his due process claim and has not shown reason to excuse the default, the Court overrules this objection.

### E. Ground Four: Confrontation Clause Claim

Finally, Petitioner Speicher objects to the R&R's conclusion that his Sixth Amendment Confrontation Clause claim regarding R.B.'s interview with a social worker was procedurally defaulted and meritless.[108]

#### 1. Fair Presentation Standard

Speicher argues that the R&R applied too strict a standard for fair presentation of Speicher's claim to the state courts.[109]

Federal courts do not have jurisdiction to consider a habeas claim that was not fairly presented to state courts.[110] This rule is well-recognized by the Sixth Circuit.[111] Speicher

---

[105] *See, e.g., id.* at 349, 355, 355–58.
[106] Doc. 11 at 804–805.
[107] *Blackmon v. Booker*, 394 F.3d 399, 401 (6th Cir. 2004)
[108] Doc. 11 at 805.
[109] *Id.*
[110] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citing *Franklin v. Rose*, 811 F.2d 322, 324–25 (6th Cir. 1987)).
[111] *See Booker*, 394 F.3d at 400–401.

- 19 -

Case No. 3:21-cv-01341
GWIN, J.

was required to assert both the factual and legal bases for his federal claims at all state court levels for this Court to consider it upon habeas review.[112]

Just because Speicher did not meet this standard does not mean the standard was misapplied. Speicher failed to raise any Confrontation Clause claim in his appeal to the Ohio Supreme Court.[113] In his memorandum in support of jurisdiction, Speicher briefly mentions his right "to confront witnesses against him,"[114] but does not otherwise mention the Sixth Amendment, the Confrontation Clause, or cite to authority that references either.[115] "To escape procedural default, claims . . . must of themselves be fairly presented, rather than functioning as catchall language appearing within the presentation of other non-constitutional arguments."[116]

So, Speicher has procedurally defaulted this claim, and for the reasons discussed, has not shown cause and prejudice to excuse the default.

The Court overrules this objection.

### 2. Merits

Even if the Court were to consider Speicher's Confrontation Clause claim's merits, it would still fail.

Speicher argues that (1) R.B.'s interview with the social worker was inadmissible hearsay, and (2) the Ohio Court of Appeals was contrary to governing federal law in upholding the admission of R.B.'s interview at trial.[117]

---

[112] *McMeans*, 228 F.3d at 681 (citing *Franklin*, 811 F.2d at 324–25).
[113] *See* Doc. 6-1.
[114] *Id.* at 355.
[115] *See McMeans*, 228 F.3d at 682 ("We do not think a few brief references to the Confrontation Clause in isolated cases is enough to put state courts on notice that such a claim has been asserted.").
[116] *Blackmon*, 392 F.3d at 401.
[117] Doc. 11 at 805.

Case No. 3:21-cv-01341
GWIN, J.

First, claims that a state trial court erred when it admitted evidence in violation of state evidence rules are usually not cognizable on federal habeas review.[118] So, the Court will not disturb the Ohio Court of Appeals' holding that R.B.'s interview was admissible under Ohio's exception to hearsay for statements made for medical diagnosis or treatment.[119]

Second, Speicher fails to show that Ohio Court of Appeals acted contrary to clearly established governing law when it upheld the admission of R.B.'s testimony.

The Confrontation Clause prohibits introducing out-of-court "testimonial" statements against criminal defendants.[120] A statement is "testimonial" when its primary purpose is to establish or prove past events of potential relevance to a later criminal prosecution.[121] In looking at a statement's "primary purpose," a court must consider the circumstances under which the statements were made, including factors such as the statement's temporal proximity to the crime, whether it was made to law enforcement to assist an investigation, or whether it was made for the purpose of medical treatment and diagnosis.[122] "Nontestimonial hearsay, however, is exempted from Confrontation Clause scrutiny altogether."[123]

Speicher argues that the Ohio Court of Appeals erred in finding that R.B.'s interview was made for medical diagnosis, rather than investigative purposes, and thus was admissible. However, under the AEDPA standard, Speicher has not shown that this finding is contrary to governing law.

---

[118] *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).
[119] *See Speicher*, 2020 WL 4281000, at *6.
[120] See generally *Crawford v. Washington*, 541 U.S. 36 (2004).
[121] *Ohio v. Clark*, 576 U.S. 237, 244 (2015).
[122] *See Davis v. Washington*, 547 U.S. 813, 827–28 (2006).
[123] *Woods v. Smith*, 660 F. App'x 414, 427 (6th Cir. 2016).

Case No. 3:21-cv-01341
GWIN, J.

In its decision, the Ohio Court of Appeals discussed testimony from the social worker who interviewed R.B.[124]  That social worker testified that the primary purpose of the interview was for medical treatment and diagnosis.  The interview was witnessed by a physician who then physically examined R.B., and that law enforcement was not present and did not observe the interview.  The Court of Appeals noted numerous Ohio Supreme Court cases where similar interviews were held to be conducted for medical purposes, and reasoned that R.B.'s interview was analogous.

Speicher does not explain what about this finding is unreasonable, or what facts justify an alternate conclusion.  Both the Sixth Circuit[125] and the Ohio Supreme Court[126] have declined to find statements made by a victim to medical personal under similar circumstances to be investigative or to otherwise be testimonial.

The Court overrules these objections.

## IV.    CONCLUSION

For the foregoing reasons, the Court **OVERRRULES** Petitioner Speicher's objections to the R&R.  The Court **ADOPTS** the R&R.  As a result, the Court **DENIES** Petitioner Speicher's habeas petition.

The Court certifies that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[127]

IT IS SO ORDERED.

---

[124] *Speicher*, 2020 WL 4281000, at *5.

[125] *Dorsey v. Cook*, 677 F. App'x 265, 267 (6th Cir. 2017) ("Nothing in *Crawford* or subsequent Supreme Court cases interpreting the meaning of "testimonial" . . compels the conclusion that statements made to a sexual assault nurse examiner for both medical and legal purposes are testimonial.").

[126] *State v. Arnold*, 933 N.E.2d 775, 786 (Ohio 2010) ("We hold that statements made to interviewers at child-advocacy centers that are made for medical diagnosis and treatment are nontestimonial and are admissible without offending the Confrontation Clause.").

[127] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Case No. 3:21-cv-01341
GWIN, J.

Dated: September 12, 2024                 *s/       James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE